Derbigny, J.
delivered the opinion of the court. The ingenuity of counsel has raised in this case a variety of questions, from which it has assumed more importance than it deserves. If we disembarrass it from the matters which do not properly belong to it, we will find it simple and of easy decision.
*55 The plaintiffs, citizens of Boston, have attached property here, which they say belongs to the defendant their debtor, also a resident of that place ; the defendant pleaded the general issue, and the debt was proved ; so that between plaintiff and defendant it only remained for the court to pronounce judgment accordingly. But a third person has stepped in, averring the goods attached to be his property, and demanding restoration of them. The claimant has not only attempted to prove the property to be his, but he has been acting the part of the defendant, by undertaking to show that the attachment ought not to have issued, and that, after it had issued, it was imperfectly executed. The only thing, which we conceive a claimant may be permitted to do, is to show that the property attached is verily his. As soon as he succeeds in that, his part is at an end. But a claimant has surely no right, to show any irregularity in the suit, in which he intervenes for the sole purpose of rescuing the property. Whether the plaintiff, the court and the sheriff, have been acting legally or not, is none of his business : for whether the proceedings are regular or not, the property must be shewn to be his, before it can be returned to him ; and whether they are regular, or not, it shall not *56 be returned, unless he proves that it belongs to him.
Is the claimant owner of the goods attached, or is he not? Such is the only question between the attaching creditor and the claimant. There might perhaps be cases, in the nature of a possessory action, in which a claimant might rescue the property without proving it to be his own ; and this, we conceive, would take place, where goods, in the actual possession of a person, would be seized in an illegal manner, as the property of another. The person thus dispossessed, might plead his possession, and perhaps obtain to be reinstated in it, without alleging property in himself. But whether such a claim could be maintained, is not here in question ; the present claim is one of the petitory kind : the claimant alleges his ownership, and prays that the goods may be restored to him as owner. Is he, or is he not, the owner of them, is the only point in controversy. That the goods in dispute were once the property of the defendant, is acknowledged ; for the title of the claimant rests upon a written order whereby the defendant directs a person said to be his agent, to deliver them or their proceeds, to the claimant. The order is in these words : “ Boston, Nov. 9, 1818, Mr. *57 Charles B. Sweetser. Sir, please deliver Mr. Josiah P. Bradlee, or his order, all goods or proceeds of goods, that you may have belonging to me.—Your humble servant, signed Samuel S. Bradlee.” Across that order is written : “Boston, 9 Nov. 1818, accepted, signed, Charles B. Sweetser.” Is this a transfer, a pledge or a simple mandate? Nothing on the face of the order shows what the contract is. But, that which is wanting shows what it is not. It is not a transfer, for there is no consideration. That we suppose to be the law at Boston, as well as here. It must be either meant for a pledge, or intended to take the property from the hands of one agent, and place it into those of another. This last interpretation, of course, does not suit the claimaint. He must, therefore, be reduced to call this a contract of pledge, and to this consideration the case must be confined.
A contract of pledge, in all countries in the world, is a contract in rem, where the delivery of the thing is not a Consequence of the contract, but is of the very essence of it. Was there a delivery in this case ? No real corporeal delivery could be made, for the parties were then at Boston, and the goods in New-Orleans. Has a constructive delivery taken place ? This is the gist of the action. The claimant has tor *58 tured the circumstances of this case to extort from them the conclusion that such constructive delivery was made. This is the manner in which he endeavours to establish it : Sweetzer, as agent of S. S. Bradlee at New-Orleans, had those goods in his possession ; when he left New-Orleans, he placed them in the care of W. M. and J. W. Hyde, merchants there, who possessed them as his sub-agents. He came to Boston, where his principal ordered him to deliver those goods to Josiah P. Bradlee, and he delivered them, by accepting the order. If asked to whom the delivery was made, the answer is to himself, as agent for the creditor as well as for the debtor.
To inquire seriously into the nature of such pretended delivery, is really more than we are willing to undertake. The position presents such a confusion of principles, that any demonstration of its fallacy, would be more troublesome than useful. One remark, however, may be proper, and that is, its incorrectness in point of fact. It is not true that the Hydes received the goods into their custody, as Sweetzer’s agents , they received them as the substituted agents of S. S. Bradlee, in conformity to his written instructions, and after this delivery to the substituted agents, at the desire of the principal, the *59 possession of the goods was as much out of the hands of the first agent, as if he had returned them to the principal himself. The attempt to show that Sweetzer, on his return here, took possession of the goods in the name of J. P. Bradlee, previous to the attachment levied in this particular case, needs hardly be adverted to : the goods were then in the custody of the law.
We will forbear making any Remarks, on the suspicious circumstances under which this claim is brought forward ; enough being found in the substantial objections to which it is liable.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.